UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HRE THI,

      Petitioner,

    v.                                                     CAUSE NO. 3:26cv39 DRL-SJF

BRIAN ENGLISH,

      Respondent.

<u>OPINION AND ORDER</u>

Immigration detainee Hre Thi filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined by United States Immigration and Customs Enforcement (ICE) in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Thi stated he does not wish to file a reply. For the following reasons, the court will deny the petition.

Mr. Thi is a 25-year-old citizen of Burma who came to the United States in 2009 as a refugee. He was convicted of illegal firearm possession in Maryland in 2022 and placed on probation for two years, and thereafter convicted of grand larceny in Virginia and placed again on probation for three years. He was arrested by ICE in February 2024 and designated as removable based on his prior convictions. An immigration judge ordered Mr. Thi removed on October 24, 2024, and he appealed to the Board of Immigration Appeals (BIA). The BIA dismissed his appeal on May 6, 2025.

In January 2026, Mr. Thi filed this habeas petition from Miami Correctional Facility, where he is currently detained, arguing his continued detention under 8 U.S.C. § 1231(a)(6)

has become unlawful because there is no significant likelihood of removal in the foreseeable future. He says he has complied with all of ICE's requests to help facilitate his removal, but ICE does not have a travel document for him. In answering the petition, the Warden (through his federal counsel) provides an affidavit stating that ICE Enforcement and Removal Operations (ERO) has requested travel documents for Mr. Thi, and the request remains pending.

The Warden first argues that this court lacks subject matter jurisdiction to consider the petition based on 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 378 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Vu v. English*, No. 3:25cv999, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (discussing § 1252(b)(9) and § 1252(g)); *Kem v. Noem*, No. 3:25cv997, 2026 WL 100566, 1-2 (N.D. Ind. Jan. 14, 2026) (discussing § 1252(g)).

Turning to the merits of the petition, the court follows the analysis set forth in *Zadvydas*. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Mr. Thi's

removal period began on May 6, 2025, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1101(a)(47)(B)(i). It ended on August 4, 2025.

Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[1] No one contests that Mr. Thi's criminal convictions allow him to be detained beyond the removal period.

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To avoid a constitutional due process problem with § 1231(a)(6), including for a noncitizen who remains in the country after being ordered removed, the law requires that his detention be limited to a

---

[1] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

The law materially defers this difficult judgment to the Executive Branch for a total six-month period, as detention then is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. This period for Mr. Thi ended approximately November 4, 2025.

The court has the authority to review a noncitizen's detention and to decide independently whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *Id.* at 699; *see also* 28 U.S.C. § 2241(c)(3). "In answering that basic question, the habeas court must ask whether detention exceeds a period reasonably necessary to secure removal" and "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. In this, the court listens with care when the government's "foreign policy judgments"—such as the status of repatriation negotiations—are implicated and otherwise affords "appropriate leeway when its judgments rest upon foreign policy expertise." *Id.* at 700. When removal proves reasonably foreseeable, the court can consider other factors (such as risk of crime) and often will deny habeas relief; whereas, when removal seems attenuated or unlikely, the court will order the individual's release, albeit conditioned on appropriate terms of supervision and the noncitizen's compliance with these terms. *See id.* at 699-700.

The petitioner bears the initial burden. *See* 28 U.S.C. § 2241; *Zadvydas*, 533 U.S. at 700; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). If he "provides good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701 (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

Mr. Thi's detention has passed the six-month presumptively reasonable period of detention, so the inquiry turns to whether he has provided good reason to believe his removal is not significantly likely in the reasonably foreseeable future. He need not show that deportation is "impossible" or prove "the absence of *any* prospect of removal," *Zadvydas*, 533 U.S. at 702, yet he must typically offer something more than the mere passage of time. Though Congress may have "doubted the constitutionality of detention for more than six months," the passing of this presumptive six-month period "does not mean that every alien not removed must be released." *Id.* at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process"). That said, as the period of confinement grows, what qualifies as a reasonably foreseeable future conversely must shrink. *Zadvydas*, 533 U.S. at 701.

Mr. Thi has not met his burden. He really offers nothing more than speculation and the mere passage of time. As a citizen of Burma (Myanmar), he provides no reason why the country would not accept him for repatriation, nor shows that his process of removal is or will be so improbable, intractable, or interminable as to say today that there is no significant likelihood of removal in the reasonably foreseeable future. The government has requested a travel document for him; this appears to be its first request, and that request at last report

remains pending, with no indication that it will likely fail or that enough time has passed as to suggest that any likelihood of its success has significantly waned. Mr. Thi does not provide any information about the 90-day or 180-day custody reviews that are required under the regulations. *See* 8 C.F.R. §§ 241.4(h), (k).[2] Such information is within his personal knowledge and could bear on the question of whether removal is reasonably foreseeable. Indeed, the law directs, when removal is reasonably foreseeable, that "the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within [a] reasonable removal period," harkening back to the regulations for these custody reviews. *Zadvydas*, 533 U.S. at 700; *see also id.* at 683. The nature and frequency of his criminal history just in the last handful of years does not help his cause in requesting immediate release. On this record, Mr. Thi has not met his initial burden to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

April 1, 2026                                   s/ Damon R. Leichty
                                                Judge, United States District Court

---

[2] Nor does he say whether he has requested release under the procedures in 8 C.F.R. § 241.13(d) in exhausting any remedy.